IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 3 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-02596-BNB

EL-SAYYID NOSAIR,

    Applicant,

v.

WARDEN RON WILEY,

    Respondent.

ORDER OF DISMISSAL

Applicant El-Sayyid Nosair is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Nosair initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his criminal conviction in the United States District Court for the Southern District of New York. On January 11, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Nosair to show cause why the habeas corpus application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. On May 8, 2008, Mr. Nosair filed his response to the show cause order.

The Court must construe the application and the response to the show cause order liberally because Mr. Nosair is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*,

935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

As noted above, Mr. Nosair was convicted in the United States District Court for the Southern District of New York. *See **United States v. Rahman**,* 189 F.3d 88 (2d Cir. 1999). He is serving a sentence of life imprisonment. Mr. Nosair asserts two claims of prosecutorial misconduct based on newly discovered evidence that the government allegedly failed to disclose to the defense that would demonstrate his actual innocence. Mr. Nosair also asserts a third claim challenging the validity of the federal criminal statutes he was convicted of violating.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." ***Bradshaw v. Story***, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." ***Johnson v. Taylor***, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." ***Williams v. United States***, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of

a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

As noted above, Magistrate Judge Boland ordered Mr. Nosair to show cause why this action should not be dismissed because he has an adequate and effective remedy available to him in the sentencing court pursuant to § 2255. The bulk of Mr. Nosair's response addresses the merits of his claims and is not relevant to the issue of whether this Court is the proper forum in which to raise those claims. Mr. Nosair does argue in his response to Magistrate Judge Boland's show cause order that the remedy available pursuant to § 2255 in the sentencing court is inadequate or ineffective because that court cannot grant complete relief. Mr. Nosair alleges in support of this argument that he actually is challenging two convictions in this action, the federal court conviction in the Southern District of New York mentioned above, and a prior New York state court conviction. Therefore, because he contends that he cannot obtain complete relief from both convictions pursuant to either 28 U.S.C. § 2254 or § 2255, he contends that he should be allowed to challenge his convictions in this Court.

Although Mr. Nosair refers to his state court conviction in the habeas corpus application, he does not assert any claims in this action challenging the validity of that state court conviction or the execution of his sentences. In any event, Mr. Nosair may not challenge the validity of his state court conviction in this Court in a habeas corpus action pursuant to § 2241.

3

The only claims Mr. Nosair raises in this action challenge the validity of his federal court conviction in the Southern District of New York. Mr. Nosair does not allege that he cannot obtain complete relief in the Southern District of New York for his claims challenging the validity of his federal court conviction. Therefore, the Court finds that Mr. Nosair fails to demonstrate that the remedy available to him pursuant to § 2255 in the sentencing court is inadequate or ineffective. As a result, the instant action must be dismissed. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this 5 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02596-BNB

El-Sayyid Nosair
Reg. No. 35074-054
UPS MAX-ADX
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/11/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk